# EXHIBIT A

Lawrence C. Weiner, Esq. (Attorney ID# 044291996)
**MANDELBAUM SALSBURG P.C.**
3 Becker Farm Road, Suite 105
Roseland, New Jersey 07068
t. 973.736.4600
f. 973.325.7467
*Attorneys for Plaintiff TSMA Franchise Systems, Inc.*

| | |
|---|---|
| TSMA FRANCHISE SYSTEMS, INC.,<br><br>Plaintiff,<br><br>vs.<br><br>TS OF KINGS HIGHWAY INC. and<br>SEAN NOLAN,<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION – BERGEN COUNTY<br><br>DKT. NO.<br><br>Civil Action<br><br>**COMPLAINT** |

      TSMA Franchise Systems, Inc. ("TSMA", "Franchisor" or "Plaintiff"), by and through its attorneys, Mandelbaum Salsburg P.C. by way of Complaint against Defendants TS of Kings Highway Inc. ("Franchisee") and Sean Nolan ("Nolan") (collectively, "Defendants"), alleges as follows:

## THE PARTIES

      1.     At all relevant times, TSMA is and has been a corporation duly organized and existing under the laws of the state of Florida with an address at 11555 Heron Bay Boulevard, Suite 200, Coral Springs, Florida 33076. TSMA owns the franchise to the Tiger Schulmann Martial Arts system including, but not limited to, the business, systems and proprietary marks relating thereto. TSMA is the successor in interest to TSK Franchise Systems, Inc. ("TSK"), a New Jersey corporation, the prior franchisor of the Tiger Schulmann Martial Arts system.

1

4824-6737-9651, v. 1

2.      At all relevant times and upon information and belief, Franchisee is a corporation duly organized and existing under the laws of the state of New York. Until the time Franchisee unilaterally abandoned the location it operated at 1623 Kings Highway, Brooklyn, New York 11229 (the "Premises"), Franchisee was the franchisee of a Tiger Schulmann Martial Arts franchise (the "Franchised Business") at the Premises.

3.      At all relevant times and upon information and belief, Nolan is a resident of the State of New York with an address at 441 Beach 123rd Street, Rockaway, New York 11694. Upon information and belief, Nolan is the sole shareholder of Franchisee.

4.      This action arises out of the damages caused to TSMA by Franchisee when, without the knowledge, authorization or consent of TSMA and in violation of the agreement it entered into with TSMA's predecessor in interest in November, 2018, Franchisee abandoned the Premises and shut down its Tiger Schulmann Martial Arts franchise. The damages caused by Defendants' improper conduct will exceed $1,500,000.00.

5.      Venue is proper in this jurisdiction because the agreement between the parties designates the state or federal court situated in Bergen County, New Jersey as the venue for any disputes between the parties hereto.

## FACTS COMMON TO ALL COUNTS

6.      On or about November 29, 2018, Franchisee entered into a franchise agreement with TSK Franchise Systems, Inc. (the "Franchise Agreement") wherein Franchisee was granted a limited exclusive right to operate a Tiger Schulmann Martial Arts franchise in the Territory, as defined in the Franchise Agreement, consisting of a radius of .88 miles around the Premises.

7.      Section 17.02 of the Franchise Agreement provides, in relevant part, as follows:

> **Termination By Us Upon Notice — No Opportunity To Cure.**
> You [Franchisee] will have materially breached this Agreement and

2

we [Franchisor] may, at our option, terminate this Agreement and all rights granted under this Agreement, without giving you any opportunity to cure the breach, effective immediately upon your receipt of notice … upon the occurrence of any of the following events: … You … cease operating the franchised Business; abandon the franchise relationship established under this Agreement; or, fail to operate your Center for three consecutive days during which you are required to operate it under this Agreement, unless your failure to operate is due to force majeure (as defined in Section 20.01 of this Agreement).

8.      Section 18.01 of the Franchise Agreement provides, in relevant part, as follows:

If this Agreement expires or terminates for any reason … you will cease to be one of our [Franchisor's] authorized franchisees and you [Franchisee] will lose all rights to the use of our Proprietary Marks, the System, all Confidential Information and know-how owned by us and any goodwill (including "local" goodwill) engendered by the use of our Proprietary Marks and/or attributed to your conduct of the franchised Business.  Upon expiration or earlier termination of this Agreement for whatever reason, you agree to:

1.      Immediately pay all royalties, fees, Sublease payments and other sums due and owing to us or our affiliates, plus interest, and all sums due and owing to any landlord, suppliers, employees, taxing authorities, advertising agencies, lenders and all other third parties.

2.      Discontinue the use of the Proprietary Marks, and not operate or do business under any name or in any manner which might tend to give the general public the impression that you are operating a Business, a Center or any similar business. You may not use, in any manner or for any purpose, directly or indirectly, any of our Confidential Information, trade secrets, procedures, forms, techniques, know-how or materials acquired by you by virtue of the relationship established by this Agreement. You may never identify yourself to the public in any fashion whatsoever as a current or former franchisee of us.

*   *   *

4.      Upon any termination of this Agreement by us for cause, we will have the right immediately to enter and take possession of your Center to maintain continuous operation of the previously franchised business, provide for orderly change of management and disposition of personal property, and otherwise protect our interests.

4824-6737-9651, v. 1

If you dispute the validity of our termination of the franchise, we will nevertheless have the option (which you irrevocably grant) to operate the business pending the final, unappealed determination of the dispute by a court of competent jurisdiction. If a court of competent jurisdiction makes a final, unappealed determination that the termination was not valid, we agree to make a full and complete accounting for the period during which we operated the previously franchised business.

\* \* \*

6.      Immediately deliver to us all training or other manuals furnished to you (including the Manual and Supplements to the Manual), computer software and database material, customer lists, records and files, documents, instructions, display items, advertising and promotional material, any and all materials, signs and related items which bear our Proprietary Marks or slogans or insignias or designs, advertising contracts, forms and other materials or property of ours, and any copies of them in your possession which relate to the operation of the franchised Business. You may retain no copy or record of any of these items, except for your copy of this Agreement, any correspondence between the parties and any other documents which you reasonably need for compliance with any provision of law. You agree that the foregoing items, materials, lists, files, software and other similar items will be considered to be our property for all purposes.

\* \* \*

10.     Continue to abide by those restrictions pertaining to the use of our Confidential Information, trade secrets and know-how set forth in Article 12 of this Agreement.

11.     Immediately surrender to us all computer software, data storage disks or tapes and other electronic media used in the operation of the franchised Business, printouts, and other information pertaining to computer operations, codes, procedures and programming. You agree not to destroy, damage, hide or take any steps to prevent us from obtaining any information which you had stored in the computer system of the franchised Business. You agree not to retain any printouts, disks, tapes or other electronic media containing any of the programs or data stored in the computer system.

4

9.     Section 12 of the Franchise Agreement provides, in relevant part, that Franchisee shall (i) keep confidential and not divulge any "Confidential Information" of the Franchisor and (ii) not to directly or indirectly, within twenty-five (25) miles of the perimeter of Franchisee's Premises or any other franchised or company owned business, engage in, aid, assist, serve or participate in the any other business activity (a "Competitive Business") which offers or sells any of the programs, products or services "which now or hereafter are authorized for sale under [the Franchisor's proprietary system]."

10.     Section 30.01 of the Franchise Agreement provides, in relevant part, as follows:

> **Attorneys' Fees.**  Except as otherwise provided by this Agreement, each party to any legal action or proceeding brought against the other party shall be responsible for his/her/its own attorneys' fees, experts' fees, court costs and all other expenses sustained in the course of such litigation (including any appeals). You acknowledge, however, that certain provisions of this Agreement provide that should we prevail in certain legal actions or proceedings against you, you must reimburse us for all costs and expenses incurred in connection with such legal actions or proceedings (including any appeal thereof), including reasonable attorneys' fees, experts' fees, court costs and all other expenses we incur.

11.     Section 30.02 of the Franchise Agreement provides, in relevant part, as follows:

> **Attorneys' Fees — Third Party Actions.**  If we become a party to any action or proceeding commenced or instituted against us by a third party arising out of or relating to any claimed or actual act, error or omission of yours and/or any of your officers, directors, shareholders, management, employees, contractors and/or representatives (the "Franchisee Party(ies)") your Center and/or your franchised Business by virtue of statutory, "vicarious", "principal/agent" or other liabilities asserted against or imposed on us as a result of our status as Franchisor; … then you will be liable to, and must promptly reimburse us for, the reasonable attorneys' fees, experts' fees, court costs, travel and lodging costs and all other expenses we incur in such action or proceeding regardless of whether such action or proceeding proceeds to judgment. In addition, we will be entitled to add all costs of collection, interest, attorneys' fees and experts' fees to our proof of claim in any insolvency or bankruptcy proceeding you file.

4824-6737-9651, v. 1

12.     On November 29, 2018, Franchisee entered into a Software License Agreement with TSK Franchise Systems, Inc. (the "SLA") wherein Franchisor granted Franchisee a nontransferable, nonexclusive single-site license for the use of those computer programs, system documentation manuals and other materials … supplied by [Franchisor] to [Franchisee] during the term of the [SLA]."

13.     Section 2.01 of the SLA provides, in relevant part, as follows:

> This License Agreement is effective from the date of execution by Licensor and will remain in full force so long as Licensee remains a Franchisee in good standing under to the [Franchise Agreement].

14.     Section 9.01 of the SLA provides, in relevant part, as follows:

> If the Franchise Agreement is terminated by either party for any reason or expires, then upon the effective date of the termination or expiration of the Franchise Agreement, this Agreement will automatically terminate without notice to Licensee.

> Licensor reserves the right to immediately terminate this License Agreement, at Licensor's sole and exclusive option, if Licensee breached any term of this Agreement or of the Franchise Agreement. … If Licensor terminates this Agreement, Licensee agrees to return to Licensor all property of and/or materials supplied by Licensor immediately after the termination.

> The termination or expiration of this Agreement or of the Franchise Agreement for any reason whatsoever will not relieve Licensee of its obligations of confidentiality, protection and security under this Agreement, or of the restriction on copying and use as provided in this Agreement, with respect to the Tiger Schulmann's Martial Arts Software.

> Upon termination or expiration of this Agreement or of the Franchise Agreement for any reason, Licensee agrees to immediately return to Licensor the Tiger Schulmann's Martial Arts Software, including, without limitation, all computer software, disks, tapes and other magnetic storage media (and any future technological substitutions for any of them) in good condition, allowing for normal wear and tear.

4824-6737-9651, v. 1

15.     Section 9.02 of the SLA provides, in relevant part, as follows:

Any default or breach by Licensee (or any of its affiliates) of any other agreement between Licensor, or its parent or the subsidiary, affiliate or designee of either entity (collectively, Licensor's "Affiliates") and Licensee (or any of its affiliates) will be deemed a default under this Agreement, and any default or breach of this Agreement by Licensee (or any of its affiliates) will be deemed a default or breach under any and all other agreements between Licensor (or any of its Affiliates) and Licensee (or any of its affiliates). If the nature of such default under any other agreement would have permitted Licensor to terminate this Agreement if default had occurred under this Agreement, then Licensor (or its Affiliates) will have the right to terminate all the other agreements between Licensor (or its Affiliates) and Licensee (or any of its affiliates) in the same manner provided for in this Agreement for termination of this Agreement.

16.     Section 17.01 of the SLA provides, in relevant part, as follows:

Licensor will be entitled to recover from Licensee reasonable attorneys' fees, experts' fees, court costs and all other expenses of litigation, if Licensor prevails in any action instituted against Licensee in order to secure or protect those rights inuring to Licensor under this Agreement, or to enforce the terms of this Agreement.

17.     On or about November 29, 2018, Nolan executed a Guarantee wherein he agreed, among other things, to be "personally bound by each and every covenant, term, condition, agreement and undertaking contained and set forth in the Franchise Agreement and any other agreement(s) by and between Franchisee and Franchisor."

18.     On November 29, 2018, Nolan executed a Confidentiality/Non-Competition Agreement wherein he personally agreed to (i) keep confidential and not divulge any "Confidential Information" of the Franchisor and (ii) not to directly or indirectly, within twenty-five (25) miles of the perimeter of Franchisee's Premises or any other franchised or company owned business, engage in, aid, assist, serve or participate in a Competitive Business which offers or sells any of

4824-6737-9651, v. 1

the programs, products or services which now or hereafter are authorized for sale under the Franchisor's proprietary system.

19.    Effective as of January 1, 2020, TSK assigned any and all rights it had in the Franchise Agreement and the SLA to TSMA.

### DEFENDANTS BREACH THE FRANCHISE AGREEMENT AND SLA

20.    Up to around June 20, 2020, Franchisee operated the Franchised Business at the location.

21.    On or about June 20, 2020, without the knowledge, authorization or consent, Franchisee ceased operating the Franchised Business and abandoned the Premises.  This was manifested by, among other things, Defendants' act of removing or permitting the removal of the Tiger Schulmann Martial Arts signs at the Premises and informing others in writing the Defendants were leaving the Tiger Schulmann's Martial Arts organization and never coming back.  Defendants also became non-responsive to most communications from the Franchisor, vacated the Premises, and failed to make required payments to the Franchisor in addition to other payments including, but not limited to, the failure to repay a loan taken by Nolan from the Franchised Business' Depository Bank Account.

22.    Moreover, upon information and belief, Defendants either lost or gave up the right to possession of its lease for the Premises and, upon information and belief, accepted a payment from the landlord at the Premises to buy out Franchisee's lease and Nolan's personal guaranty thereof.

23.    Moreover, despite the fact that Franchisee accepted and retained $176,043.99 in student payments as advances for services to be provided to those students, after Franchisee

unilaterally closed shop, neither Franchisee nor Nolan refunded any portion of those fees to the students or their families.

**Notice of Default and Termination of Franchise**

24.     By letter dated June 30, 2020 to Franchisee (the "Notice of Default and Termination Notice"), Franchisor exercised its rights under the Franchise Agreement and terminated Franchisee's franchise.

25.     The Notice of Default and Termination Notice futher reminded Defendants of some, but not all of, the Defendants' post-termination obligations including, but not limited to, the following:

- To immediately pay all royalties, fees, payments and other sums due and owing to Franchisor, plus interest.  Those amounts included, but were not limited to, (i) the Existing Franchisee Transition Fee of $168,459; (ii) Merchant credit card processing fees in the amount of $18,815.18; (iii) Monies borrowed from the Franchisee's Depository Bank Account in the amount of $13,095; (iv) the $32,500 balance of an interest free personal loan taken by Nolan from the Franchisee's Depository Bank Account; and (v) reimbursements to students of $176,404.00.

- To discontinue the use of Franchisor's proprietary marks, and to not operate or do business under any name or in any manner which might tend to give the general public the impression the Defendants are operating a Tiger Schulmann Martial Arts business or any similar business.

- To cancel any assumed name or equivalent registration which contains the Franchisor's proprietary marks.

4824-6737-9651, v. 1

- To strictly comply with Defendants' non-compete obligations.

- To continue to abide by the restrictions pertaining to the use of Franchisor's Confidential Information.

- To surrender to Franchisor all electronic media used in the operation of the Franchised Business.

26.     Moreover, by vacating the Premises and surrendering the Premises to its landlord (without Plaintiff's knowledge, authorization or consent), Defendants precluded Franchisor from its right to enter and take possession of the Premises in order to maintain continuous operation of the previously Franchised Business, and provide for orderly change of management and disposition of personal property, and otherwise protect Plaintiff's interests.

27.     Instead of complying with their contractual obligations including, but not limited to, their obligation to refund monies advanced to the Franchisee by its students and/or their families, Defendants' only response to the letter was to send a lawyer's letter making frivolous and unsupportable claims against the Plaintiff.

### FIRST COUNT
### (Breach of Contract)

28.     TSMA repeats and realleges each and every allegation of the Complaint as if fully set forth at length herein.

29.     Franchisee entered into the Franchise Agreement and SLA with Plaintiff's predecessor.

30.     Nolan personally guaranteed all of the obligations under the Franchise Agreement and any other and any other agreement(s) by and between Franchisee and Franchisor.

31.     Franchisee and Nolan both agreed to (i) keep confidential and not divulge any "Confidential Information" of the Franchisor and (ii) not to directly or indirectly, within twenty-

10

five (25) miles of the perimeter of Franchisee's Premises or any other franchised or company owned business, engage in, aid, assist, serve or participate in a Competitive Business which offers or sells any of the programs, products or services which now or hereafter are authorized for sale under the Franchisor's proprietary system.

32.     TSMA and TSK have fully performed their obligations under the agreements between the parties.

33.     Defendants have breached the parties' agreements because, among other things:

- They failed to pay all royalties, fees, payments and other sums due and owing to Franchisor, plus interest including, but not limited to, (i) the Existing Franchisee Transition Fee of $168,459; (ii) Merchant credit card processing fees in the amount of $18,815.18; (iii) Monies borrowed from the Franchisee's Depository Account in the amount of $13,095; (iv) a $32,500 balance of an interest free personal loan taken by Nolan from the Franchisee's Depository Account; and (v) reimbursements to students in the amount of $176,404.00.

- Upon information and belief, they failed to discontinue the use of Franchisor's proprietary marks, and to comply with their obligation to not operate or do business under any name or in any manner which might tend to give the general public the impression the Defendants are operating a Tiger Schulmann Martial Arts business or any similar business.

- Upon information and belief, they failed to cancel any assumed name or equivalent registration which contains the Franchisor's proprietary marks.

- Upon information and belief, they failed to strictly comply with Defendants' non-compete obligations.

11

4824-6737-9651, v. 1

- Upon information and belief, they failed to abide by the restrictions pertaining to the use of Franchisor's Confidential Information.

- They failed to surrender to Franchisor all electronic media used in the operation of the Franchised Business.

- They abandoned, vacated and surrendered the Premises without Plaintiff's knowledge, authorization or consent, and, as a result, failed to allow Franchisor to enter and take possession of the Premises in order to maintain continuous operation of the previously Franchised Business, and provide for orderly change of management and disposition of personal property, and otherwise Plaintiff to protect its interests.

- They failed to surrender to us all computer software, data storage disks or tapes and other electronic media used in the operation of the Franchised Business, printouts, and other information pertaining to computer operations, codes, procedures and programming.

- They failed to deliver to Franchisor all training or other manuals furnished to them (including the manual and supplements to the manual), computer software and database material, customer lists, records and files, documents, instructions, display items, advertising and promotional material, any and all materials, signs and related items which bear Franchisor's proprietary marks or slogans or insignias or designs, advertising contracts, forms and other materials or property belonging to Franchisor, and any copies of them in Franchisee's possession which relate to the operation of the Franchised Business.

4824-6737-9651, v. 1

34.     Each and every one of the aforementioned failures constitute a material breach of the parties' agreements.

35.     As a direct result of Defendants' breaches of the parties' agreements, Plaintiff has sustained damages in an amount to be determined by the Court by not less than $1,500,000.

**WHEREFORE,** Plaintiff TSMA Franchise Systems, Inc. demands judgment against TS of Kings Highway, Inc. and Sean Nolan for:

> (a)     Compensatory damages;
>
> (b)     Consequential damages;
>
> (c)     Interest from when due;
>
> (d)     Attorney's fees and costs; and
>
> (e)     Such other and further relief as the Court may deem just and equitable.

**SECOND COUNT**
**(Unjust Enrichment)**

36.     TSMA repeats and realleges each and every allegation of the Complaint as if fully set forth at length herein.

37.     Defendants have had and will continue to have the benefit of monies that Franchisor and/or Franchisee's students are entitled to.

38.     Despite such benefit, Defendants have refused to acknowledge Franchisor's right and its students' rights to such monies.

39.     As a result, Defendants have been and will continue to be unjustly enriched.

40.     As a result, Plaintiff has sustained damages in an amount to be determined by the Court.

**WHEREFORE,** Plaintiff TSMA Franchise Systems, Inc. demands judgment against TS of Kings Highway, Inc. and Sean Nolan for:

4824-6737-9651, v. 1

(a)     Compensatory damages;

(b)     Consequential damages;

(c)     Interest from when due;

(d)     Attorney's fees and costs; and

(e)     Such other and further relief as the Court may deem just and equitable.

### THIRD COUNT
### (Preliminary and Permanent Injunction)

41.     TSMA repeats and realleges all of the above paragraphs as if same were set forth at length herein.

42.     As hereinabove alleged, upon termination of the parties' agreement, Defendants were obligated to:

- Discontinue the use of the Proprietary Marks, and not operate or do business under any name or in any manner which might tend to give the general public the impression that they are operating a Business, a Center or any similar business.

- Refrain from, directly or indirectly, any of Plaintiff's Confidential Information, trade secrets, procedures, forms, techniques, know-how or materials acquired by you by virtue of the relationship established by this Agreement.

- Refrain from identifying themselves to the public in any fashion whatsoever as a current or former franchisee of Plaintiff.

- Refrain from using Plaintiff's training or other manuals furnished to them (including the Manual and Supplements to the Manual), computer software and database material, customer lists, records and files, documents,

14

instructions, display items, advertising and promotional material, any and all materials, signs and related items which bear Franchisor's Proprietary Marks or slogans or insignias or designs, advertising contracts, forms and other materials or property of Plaintiff, and any copies of them in their possession which relate to the operation of the Franchised Business.

- Refrain from using Plaintiff's computer software, data storage disks or tapes and other electronic media used in the operation of the Franchised Business, printouts, and other information pertaining to computer operations, codes, procedures and programming.

- Refrain from directly or indirectly, within twenty-five (25) miles of the perimeter of Franchisee's Premises or any other franchised or company owned business, engage in, aid, assist, serve or participate in a Competitive Business which offers or sells any of the programs, products or services "which now or hereafter are authorized for sale under [the Franchisor's proprietary system]."

43. Accordingly, Defendants must be preliminarily and permanently enjoined from:

- Using the Plaintiff's Proprietary Marks, and operating or doing business under any name or in any manner which might tend to give the general public the impression that they are operating a Business, a Center or any similar business.

- Directly or indirectly, using any of Plaintiff's Confidential Information, trade secrets, procedures, forms, techniques, know-how or materials acquired by you by virtue of the relationship established by this Agreement.

15

4824-6737-9651, v. 1

- Identifying themselves to the public in any fashion whatsoever as a current or former franchisee of Plaintiff.

- Using Plaintiff's training or other manuals furnished to them (including the Manual and Supplements to the Manual), computer software and database material, customer lists, records and files, documents, instructions, display items, advertising and promotional material, any and all materials, signs and related items which bear Franchisor's Proprietary Marks or slogans or insignias or designs, advertising contracts, forms and other materials or property of Plaintiff, and any copies of them in their possession which relate to the operation of the Franchised Business.

- Using Plaintiff's computer software, data storage disks or tapes and other electronic media used in the operation of the Franchised Business, printouts, and other information pertaining to computer operations, codes, procedures and programming.

- Directly or indirectly, within twenty-five (25) miles of the perimeter of Franchisee's Premises or any other franchised or company owned business, engaging in, aiding, assisting, serving or participating in a Competitive Business which offers or sells any of the programs, products or services "which now or hereafter are authorized for sale under [the Franchisor's proprietary system]."

44.     Plaintiff has no adequate remedy at law.

**WHEREFORE,** Plaintiff TSMA Franchise Systems, Inc. demands judgment against TS of Kings Highway, Inc. and Sean Nolan for:

4824-6737-9651, v. 1

   (a)  Preliminary and Permanent Injunction;

   (b)  Attorney's fees and costs; and

   (c)  Such other and further relief as the Court may deem just and equitable.

## FOURTH COUNT
### (Declaratory Judgment)

45. TSMA repeats and realleges all of the above paragraphs as if same were set forth at length herein.

46. According to the Franchise Agreement, Franchisor can immediately terminate the Franchise Agreement if Franchisee ceases operating the Franchised Business; abandons the franchise relationship established under this Agreement; or, fails to operate its franchise for three consecutive days during which it is required to operate it under the Franchise Agreement.

47. If the Franchise Agreement is terminated, the Franchise Agreement provides that Franchisee shall cease to be one of the Tiger Schulmann Martial Arts authorized franchisees and, among other things, Franchisee shall immediately pay all royalties, fees, Sublease payments and other sums due and owing to Franchisor or Franchisor's affiliates, plus interest, and all sums due and owing to any landlord, suppliers, employees, taxing authorities, advertising agencies, lenders and all other third parties.

48. Notwithstanding, Defendants are refusing to acknowledge their breach.

49. Notwithstanding, Defendants are refusing to acknowledge the termination of the Franchised Business in accordance with the Franchise Agreement.

50. Notwithstanding, Defendants are refusing to pay all royalties, fees, sublease payments and other sums due and owing to Franchisor or Franchisor's affiliates, plus interest, and all sums due and owing to any landlord, suppliers, employees, taxing authorities, advertising agencies, lenders and all other third parties.

4824-6737-9651, v. 1

51.     Notwithstanding, Defendants are refusing to reimburse the $176,403.99 in student payments taken in advance for services to be provided.

52.     Based on the foregoing, there is a justiciable controversy between the parties.

53.     Plaintiff is entitled to an Order declaring that Franchisee was in material default under the Franchise Agreement, that Plaintiff had the right to terminate the Franchise Agreement, that Defendants are obligated to pay all royalties, fees, Sublease payments and other sums due and owing to Franchisor or Franchisor's affiliates, plus interest, and all sums due and owing to any landlord, suppliers, employees, taxing authorities, advertising agencies, lenders and all other third parties and that Defendants must reimburse the $176,403.99 in student payments taken in advance for services to be provided.

54.     Without appropriate relief by the Court, Plaintiff, and Defendant TS of Kings Highway, Inc.'s students, will continue to be injured and harmed by Defendants' actions.

**WHEREFORE,** Plaintiff TSMA Franchise Systems, Inc. demands judgment against TS of Kings Highway, Inc. and Sean Nolan for:

(a)     An Order declaring that (i) Franchisee was in material default under the Franchise Agreement, (ii) Plaintiff had the right to terminate the Franchise Agreement, (ii) Defendants are obligated to pay all royalties, fees, Sublease payments and other sums due and owing to Franchisor or Franchisor's affiliates, plus interest, and all sums due and owing to any landlord, suppliers, employees, taxing authorities, advertising agencies, lenders and all other third parties and (iv) Defendants are obligated to reimburse the $176,403.99 in student payments taken in advance for services to be provided;

(b)     Compensatory damages;

(c)     Consequential damages;

4824-6737-9651, v. 1

  (d)  Interest from when due;

  (e)  Attorney's fees and costs; and

  (f)  Such other and further relief as the Court may deem just and equitable.

**<u>DESIGNATION OF TRIAL COUNSEL</u>**

  Plaintiff TSMA Franchise Systems, Inc., Inc. hereby designates Lawrence C. Weiner, Esq.

as its trial counsel.

          MANDELBAUM SALSBURG, P.C.
          *Attorneys for Plaintiff*
          *TSMA Franchise Systems, Inc.*

Dated:  July 21, 2020      By:  *<u>s/ Lawrence C. Weiner</u>*
            LAWRENCE C. WEINER

4824-6737-9651, v. 1

## CERTIFICATION

We certify, pursuant to *R.* 4:5-1(b)(2), that to our knowledge and based upon the information available to us at this time, the matter in controversy is not the subject of any other action pending in any court or of pending arbitration proceedings, nor is any other court or arbitration proceeding contemplated.  We hereby certify that to our knowledge and based upon the information available to us at this time, no additional parties should be joined in the action.

We further certify, pursuant to *R.* 4:5-1(b)(3), that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *R.* 1:38-7(b).

MANDELBAUM SALSBURG, P.C.
Attorneys for Plaintiff
TSMA Franchise Systems, Inc.


Dated:  July 21, 2020                    By*: s/ Lawrence C. Weiner*
                                              LAWRENCE C. WEINER

20

4824-6737-9651, v. 1

# Civil Case Information Statement

## Case Details: BERGEN | Civil Part Docket# L-004217-20

**Case Caption:** TSMA FRANCHISE SYSTE MS, INC.  VS TS OF KINGS HIG

**Case Initiation Date:** 07/21/2020

**Attorney Name:** LAWRENCE C WEINER

**Firm Name:** MANDELBAUM SALSBURG PC

**Address:** 3 BECKER FARM RD STE 105

ROSELAND NJ 07068

**Phone:** 9737364600

**Name of Party:** PLAINTIFF : TSMA FRANCHISE SYSTEMS, INC.

**Name of Defendant's Primary Insurance Company**

(if known): Unknown

**Case Type:** CONTRACT/COMMERCIAL TRANSACTION

**Document Type:** Complaint

**Jury Demand:** NONE

**Is this a professional malpractice case?**  NO

**Related cases pending:** NO

**If yes, list docket numbers:**

**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO

**Are sexual abuse claims alleged by: TSMA FRANCHISE SYSTEMS, INC.?** NO

---

### THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE

#### CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** YES

**If yes, is that relationship:** Business

**Does the statute governing this case provide for payment of fees by the losing party?** NO

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**



**Do you or your client need any disability accommodations?** NO

    **If yes, please identify the requested accommodation:**



**Will an interpreter be needed?** NO

    **If yes, for what language:**



**Please check off each applicable category: Putative Class Action?** NO  **Title 59?** NO  **Consumer Fraud?** NO

---

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

| | |
|---|---|
| <u>07/21/2020</u> | <u>/s/ LAWRENCE C WEINER</u> |
| Dated | Signed |

# EXHIBIT B

**2020 FLORIDA PROFIT CORPORATION ANNUAL REPORT**

DOCUMENT# P19000090862

**FILED**
**Feb 18, 2020**
**Secretary of State**
**7962162121CC**

**Entity Name:** TSMA FRANCHISE SYSTEMS, INC.

**Current Principal  Place of Business:**

11555 HERON BAY BLVD STE 200
CORAL SPRINGS, FL 33076

**Current Mailing Address:**

11555 HERON BAY BLVD STE 200
CORAL SPRINGS, FL 33076 US

**FEI Number: 84-3941746**                                    **Certificate of Status Desired:** No

**Name and Address of Current Registered Agent:**

SCHULMANN, DANIEL
71 SUNSET KEY DRIVE
KEY WEST, FL 33040 US

*The above named entity submits this statement for the purpose of changing its registered office or registered agent, or both, in the State of Florida.*

SIGNATURE:  DANIEL SCHULMANN                                    02/18/2020
　　　　　　　Electronic Signature of Registered Agent                       Date

**Officer/Director Detail :**

Title              DP

Name          SCHULMANN, DANIEL

Address      11555 HERON BAY BLVD STE 200

City-State-Zip:  CORAL SPRINGS  FL  33076

*I hereby certify that the information indicated on this report or supplemental report is true and accurate and that my electronic signature shall have the same legal effect as if made under oath; that I am an officer or director of the corporation or the receiver or trustee empowered to execute this report as required by Chapter 607, Florida Statutes; and that my name appears above, or on an attachment with all other like empowered.*

SIGNATURE: DANIEL SCHULMANN                   PRESIDENT                02/18/2020
　　　　　　Electronic Signature of Signing Officer/Director Detail                      Date

# EXHIBIT C

SUPERIOR COURT OF NEW JERSEY

COUNTY OF BERGEN

| TSMA FRANCHISE SYSTEMS, INC. | |
|---|---|
| | Plaintiff(s) |
| -against- | |
| TS OF KINGS HIGHWAY INC. AND SEAN NOLAN | |
| | Defendant(s) |

Index #: BER-L-4217-20

Date Filed:

**AFFIDAVIT OF SERVICE**

Attorney File #1: 500248-800

STATE OF NEW YORK: COUNTY OF NEW YORK  ss:

DENISE LEWIS BEING DULY SWORN DEPOSES AND SAYS DEPONENT IS NOT A PARTY TO THIS ACTION, OVER THE AGE OF EIGHTEEN YEARS AND RESIDES IN THE STATE OF NEW YORK.

That on July 23, 2020 at 02:00 PM at

C/O SEAN NOLAN, PRESIDENT
441 BEACH 123RD STREET
ROCKAWAY, NY 11694

deponent served the within true copy of the CIVIL ACTION SUMMONS AND COMPLAINT, TRACK ASSIGNMENT NOTICE, CIVIL CASE INFORMATION STATEMENT on TS OF KINGS HIGHWAY, INC., the defendant/respondent therein named,

**CORPORATION** by delivering thereat a true copy of each to SEAN NOLAN personally, deponent knew said corporation so served to be the corporation described in said CIVIL ACTION SUMMONS AND COMPLAINT, TRACK ASSIGNMENT NOTICE, CIVIL CASE INFORMATION STATEMENT as said  defendant/respondent and knew said individual to be  PRESIDENT thereof.

Deponent further states that he describes the person actually served as follows:

| Sex | Skin Color | Hair Color | Age (Approx.) | Height (Approx.) | Weight (Approx) |
|---|---|---|---|---|---|
| MALE | WHITE | SALT & PEPPER | 47 | 6'0 | 190 |

Sworn to me on:  July 23, 2020

Linda Forman
Notary Public, State of New York
No. 01FO5031305
Qualified in New York County
Commission Expires August 1, 2022

Robin Forman
Notary Public, State of New York
No. 01FO6125415
Qualified in New York County
Commission Expires April 18, 2021

Gotham Process Inc.
299 Broadway
New York NY  10007

**DENISE LEWIS**
License #: 2006009

Docket #:     *1161375*

SUPERIOR COURT OF NEW JERSEY Case 2:20-cv-10685-MV-JBC   Document 1-1   Filed 08/21/20   Attorney: GARVEY SCHUBERT BARER - 1137

COUNTY OF BERGEN

| | |
|---|---|
| TSMA FRANCHISE SYSTEMS, INC. | Index #: BER-L-4217-20 |
| Plaintiff(s) | |
| -against- | Date Filed: |
| TS OF KINGS HIGHWAY INC. AND SEAN NOLAN | **AFFIDAVIT OF SERVICE** |
| Defendant(s) | Attorney File #1: 500248-800 |

STATE OF NEW YORK: COUNTY OF NEW YORK  ss:

DENISE LEWIS BEING DULY SWORN DEPOSES AND SAYS DEPONENT IS NOT A PARTY TO THIS ACTION, OVER THE AGE OF EIGHTEEN YEARS AND RESIDES IN THE STATE OF NEW YORK.

That on July 23, 2020 at 02:00 PM at

441 BEACH 123RD STREET
ROCKAWAY, NY 11694

deponent served the within true copy of the CIVIL ACTION SUMMONS AND COMPLAINT, TRACK ASSIGNMENT NOTICE, CIVIL CASE INFORMATION STATEMENT on SEAN NOLAN, the defendant/respondent therein named.

**INDIVIDUAL**  by delivering a true copy of each to said  defendant/respondent personally; deponent knew the person so served to be the person described as the  defendant/respondent therein and he identified himself as such.

Deponent further states that he describes the person actually served as follows:

| Sex | Skin Color | Hair Color | Age (Approx.) | Height (Approx.) | Weight (Approx) |
|---|---|---|---|---|---|
| MALE | WHITE | SALT & PEPPER | 47 | 6'0 | 190 |

**MILITARY SERVICE**  Person spoken to was asked whether the defendant was in the military service of the State of New York or the United States and received a negative reply. Upon information and belief based upon the conversation and observation as aforesaid deponent avers that the defendant is not in the military service of the State of New York or the United States as that term is defined in the statutes of the State of New York or the Federal Soldiers and Sailors Civil Relief Act.

That at the time of such service deponent knew the person so served as aforesaid to be the same person mentioned and described as the defendant/respondent in this action.

Sworn to me on:  July 23, 2020

| | | | |
|---|---|---|---|
| Linda Forman | Robin Forman | Gotham Process Inc. | **DENISE LEWIS** |
| Notary Public, State of New York | Notary Public, State of New York | 299 Broadway | License #: 2006009 |
| No. 01FO5031305 | No. 01FO6125415 | New York NY  10007 | Docket #:        1161376 |
| Qualified in New York County | Qualified in New York County | | |
| Commission Expires August 1, 2022 | Commission Expires April 18, 2021 | | |

# EXHIBIT D

Matthew J. Tharney – NJ Attorney ID #033581999
**SATTIRAJU & THARNEY, LLP**
50 Millstone Road
Building 300, Suite 202
East Windsor, New Jersey 08520
(609) 469-2110
*Attorneys for Defendants,*
*    TS of Kings Highway Inc. and Sean Nolan*

|  |  |
|---|---|
| | : |
| TSMA FRANCHISE SYSTEMS, INC., | : SUPERIOR COURT OF NEW JERSEY |
| | : LAW DIVISION: BERGEN COUNTY |
| Plaintiff, | : DOCKET NO. BER-L-4217-20 |
| | : |
| vs. | : CIVIL ACTION |
| | : |
| TS OF KINGS HIGHWAY INC. and SEAN | : **NOTICE OF FILING OF REMOVAL** |
| NOLAN, | : **TO ADVERSE PARTIES AND** |
| | : **STATE COURT CLERK** |
| Defendants. | : |
| | : |

TO:    Clerk of Bergen County
        Bergen County Superior Court
        10 Main Street
        Hackensack, New Jersey 07601

        Lawrence C. Weiner, Esq.
        Mandelbaum Salsburg, P.C.
        3 Becker Farm Road, Suite 105
        Roseland, New Jersey 07068
        *Attorneys for Plaintiff,*
        *TSMA Franchise Systems, Inc.*

**TO THE CLERK OF THE COURT AND ADVERSE PARTIES:**

In accordance with 28 U.S.C. § 1446, Defendants, TS of Kings Highway Inc. and Sean

Nolan, respectfully file a copy of their Notice of Removal of this action to the United States District

Court for the District of New Jersey (the "Notice"). The Notice has been filed in the United States

District Court as of today's date, and a copy of the Notice is attached hereto.

Under 28 U.S.C. § 1446(d), the filing of the copy of this Notice effectuates the removal of this action from the State Court to the United States District Court for the District of New Jersey, and the "State court shall proceed no further unless and until the case is remanded."

Respectfully submitted,

**SATTIRAJU & THARNEY, LLP**
*Attorneys for Defendants,*
*TS of Kings Highway Inc. and Sean Nolan*

By:   *s/ Matthew J. Tharney*
          Matthew J. Tharney

Dated:  August 21, 2020